IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rose Holt, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6290 |
| First Resolution Management Corp., a foreign corporation, and Unifund CCR Partners, a New York general partnership, | ) ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Rose Holt, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, B) one Defendant resides here and both Defendants transact business here.

**PARTIES**

3. Plaintiff, Rose Holt ("Holt"), is a citizen of the State of Idaho, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank USA credit card, which was then allegedly owed to a bad debt buyer, Unifund CCR

Partners. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, First Resolution Management Corp. ("First Resolution"), is a foreign corporation (British Columbia, Canada) that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. First Resolution operates a delinquent debt collection business, throughout the United States, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant First Resolution was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant First Resolution is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, First Resolution conducts business in Illinois.

6. Defendant First Resolution is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, First Resolution acts as a collection agency in Illinois.

7. Defendant, Unifund CCR Partners ("Unifund"), is a New York general partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly

or indirectly, delinquent consumer debts. In fact, Defendant Unifund was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant Unifund conducts business in the State of Illinois by demanding payment of delinquent consumer debts from thousands of Illinois consumers and by filing hundreds, if not thousands, of collection lawsuits in the State courts of Illinois.

9. Defendant Unifund is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Unifund acts as a collection agency in Illinois.

10. Defendant Unifund is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant First Resolution.

## FACTUAL ALLEGATIONS

11. Ms. Holt is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Chase Bank USA credit card. At some point in time after that debt became delinquent, Defendant Unifund bought Ms. Holt's Chase Bank USA debt. When Defendant Unifund began trying to collect this debt from her, by having Defendant First Resolution send her an initial collection letter, dated September 23, 2008, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on November 22, 2008, one of Ms. Holt's attorneys at LASPD informed Defendants, in writing, that Ms. Holt was represented by counsel, and directed

Defendants to cease contacting her, and to cease all further collection activities because Ms. Holt was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Nonetheless, despite being advised that Ms. Holt was represented by counsel and refused to pay the debt, Defendants directly called Ms. Holt on August 26, 2010, from telephone number 888-663-1717 to demand payment of the Chase Bank debt.

14. Accordingly, on September 16, 2010, Ms. Holt's attorneys at LASPD had to again inform Defendants that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

4

19. Here, the letter from Ms. Holt's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit E). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Holt was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit E), that Ms. Holt was represented by counsel, and had demanded a cessation of communications with Ms. Holt. By directly calling Ms. Holt, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Rose Holt, prays that this Court:

5

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Holt, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rose Holt, demands trial by jury.

Rose Holt,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: September 30, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com